NO. 12-03-00196-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
BOBBY JOE LANSFORD,                               §                 APPEAL FROM THE 173RD
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 HENDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Bobby Joe Lansford appeals from his conviction for aggravated sexual assault of a child. 
Appellant pleaded guilty and a jury assessed his punishment at eighty years of imprisonment and a
$10,000.00 fine. In his sole issue, Appellant asserts the trial court erred in denying his motion to
suppress his audiotaped confession. We affirm.
 
Background
            Wade Norris, an investigator for the Henderson County Sheriff’s Department, testified at the
hearing on Appellant’s motion to suppress. He explained that on March 1, 2002, he interviewed a
child, Appellant’s stepdaughter, who accused Appellant of sexually assaulting her. Norris testified
that he had probable cause to arrest Appellant based solely on the child’s statement. However, he
preferred to investigate further before making an arrest. On March 4, Norris contacted Appellant
and asked him to come to his office in Athens. When Appellant arrived, Norris advised him of his
rights. Appellant signed a form saying he understood his rights and did not want an attorney. Norris
told Appellant about the report he had received. Appellant denied that the incident ever happened
and agreed to take a polygraph test. During this interview, Appellant was never handcuffed or told
he was under arrest.
            On March 7, Appellant met Norris at his office, and Norris drove him to Tyler to the
Department of Public Safety office where the polygraph test was administered. Appellant was
advised of his rights before taking the test. He failed the polygraph test. He started to cry but did
not admit to anything at that time. Norris did not arrest him at that time or place handcuffs on him. 
They drove back to Athens to Norris’s office. Norris again advised Appellant of his rights, and
Appellant again signed a form saying he understood his rights and did not want an attorney. The
form he signed also states: “No promises or threats have been made to me and no pressure or
coercion of any kind has been used against me. I knowingly, intelligently, and voluntarily waive
these rights.” Norris told Appellant about the allegations against him and conducted an interview
preserved on audiotape. During this taped interview, Appellant admitted to committing aggravated
sexual assault against his stepdaughter. Norris testified that he never threatened, hit, or handcuffed
Appellant or told him he was under arrest. Norris denied telling Appellant what to say or coaching
him. Norris considered Appellant free to leave at any time during the interview. Even after
Appellant admitted committing the crime, Norris did not arrest him. The case was later presented
to a grand jury, Appellant was indicted, and a warrant was issued for his arrest.
            Appellant testified in his own behalf. He explained that he did not make the statement of his
own free will. He said he felt that if he did not talk to Norris and tell him what he wanted to hear,
Norris would not allow him to leave. He said Norris read from the child’s statement and otherwise
went over her statement with him. Appellant initially denied the truth of her statement. Appellant
felt that Norris wanted him to make a statement containing the same information found in her
statement. Appellant testified that Norris told him that if he would cooperate with the investigation,
Norris would talk to the District Attorney on Appellant’s behalf and request probation. On the other
hand, Norris told him if he did not cooperate, Norris would see to it that Appellant received a ninety-nine-year sentence. Appellant testified that he made the statement because he was afraid of being
locked away for the rest of his life for something he did not do. He said his statement of March 7
was not true; he merely told Norris what he wanted to hear.
            On cross-examination, Appellant testified that, on the first day he met with Norris, he told
him the child’s story was a lie and left Norris’s office. He admitted going to the Sheriff’s office
voluntarily but said he feared Norris would pick him up at his house if he did not go. He admitted
that Norris never handcuffed him or arrested him. Appellant told the court that Norris told him what
to say on the tape and he said exactly what Norris told him to say. He said he confessed because of
what was said at that interview. Appellant admitted that Norris did not point a gun at him, beat him,
threaten to arrest him, or tell him he was not free to leave.
            The trial court stated its findings on the record. It found that Appellant was not under arrest
or under custodial interrogation at the time of the statement. Appellant received the required
statutory warnings, and he knowingly and voluntarily waived those rights. Finally, the court found
that Appellant’s statement was freely and voluntarily made. The court denied Appellant’s motion
to suppress.
 
Motion to Suppress
            In his sole issue, Appellant asserts the trial court erred in denying his motion to suppress the
statement. He argues that he was in custody at the time he made the statement. He further asserts
his statement was taken in violation of his due process rights because it was not freely given. In
support of this argument, he points to his testimony that Norris offered to intercede with the District
Attorney on his behalf if he made the statement. Further, Appellant contends the statement was
rendered involuntary by the court’s failure to comply with article 38.22, section 6 of the Texas Code
of Criminal Procedure, which requires the court to instruct the jury that, unless it believes beyond
a reasonable doubt that the statement was voluntarily made, the jury shall not consider the statement.
 
Applicable Law
            A trial court’s decision on a motion to suppress is reviewed under an abuse of discretion
standard. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). An appellate court should
give almost total deference to a trial court’s determination of historical facts supported by the record,
especially when the trial court’s fact findings are based on an evaluation of credibility and demeanor. 
Id. We consider de novo issues that are purely questions of law. Id. at 87.
            In a motion to suppress hearing, the trial court is the sole trier of fact and judge of the
credibility of the witnesses and the weight to be given their testimony. State v. Ross, 32 S.W.3d 853,
855 (Tex. Crim. App. 2000). Accordingly, the judge may believe or disbelieve all or any part of a
witness’s testimony, even if that testimony is not controverted. Id. If the trial court’s decision is
correct on any theory of law applicable to the case, the decision will be sustained. Id.
            An oral admission against interest or an oral confession of guilt, which does not stem from
custodial interrogation, and is given freely, voluntarily, and without compulsion or persuasion, is
admissible evidence against the accused. Shiflet v. State, 732 S.W.2d 622, 623 (Tex. Crim. App.
1985). Custodial interrogation is questioning initiated by law enforcement officers after a person
has been taken into custody or otherwise deprived of his freedom of action in any significant way. 
Id. at 624. A person is in “custody” only if, under the circumstances, a reasonable person would
believe that his freedom of movement was restrained to the degree associated with a formal arrest. 
Dowthitt v. State, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996). The determination of custody must
be made on an ad hoc basis, after considering all of the objective circumstances. Id. at 255.
 
Discussion
            By his own admission, Appellant went to Norris’s office voluntarily on March 4 and again
on March 7. Norris testified that he asked Appellant to come to his office; he did not require him
to. At the time he spoke to Appellant, Norris was investigating the case. He had not yet decided to
arrest Appellant. Appellant was advised of his rights three times, and he signed waivers on each of
the two days he spoke to Norris.
            Appellant repeatedly stated that he felt that he had to give Norris a statement mirroring the
victim’s statement or Norris would not let him go. However, Appellant’s subjective belief is
irrelevant except to the extent it may be manifested in the words or actions of law enforcement
officials. Id. at 254. Norris never told Appellant he could not leave or that he was under arrest. 
Both Appellant and Norris testified that Norris never handcuffed, threatened, or beat Appellant. 
Appellant’s testimony regarding his subjective belief does not find support in the record. 
Furthermore, Appellant was not arrested on March 7. He was arrested on May 2, after the indictment
issued. The record supports the trial court’s finding that Appellant was not in custody at the time
he made his statement.
            Appellant argues that his statement was not freely given because it was given in response to
Norris’s offer to try to persuade the District Attorney to offer probation instead of a prison term. 
Norris testified that he had no recollection of making such an offer or telling Appellant that any
statement he gave would be used for him. The trial judge was free to believe Norris and disbelieve
Appellant on this issue. See Ross, 32 S.W.3d at 855.
            Finally, Appellant asserts that the confession was rendered involuntary by the trial court’s
failure to instruct the jury in compliance with Code of Criminal Procedure article 38.22, section 6. 
The issue of the voluntariness of Appellant’s statement was raised at the suppression hearing. 
Appellant pleaded guilty to the trial court, and only the issue of punishment was heard by the jury. 
We find no indication in the record that Appellant requested such an instruction. Moreover,
Appellant was not entitled to the instruction contemplated by article 38.22, section 6 because the
issue of the voluntariness of his confession was not raised before the jury. State v. Terrazas, 4
S.W.3d 720, 727 (Tex. Crim. App. 1999); White v. State, 779 S.W.2d 809, 827 (Tex. Crim. App.
1989). The trial court did not err in denying Appellant’s motion to suppress. We overrule
Appellant’s sole issue.
 
Conclusion
            The record supports the trial court’s findings that Appellant was not in custody at the time
he made the statement and the statement was voluntarily made. The trial court did not abuse its
discretion by denying Appellant’s motion to suppress.
            We affirm the trial court’s judgment.
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered June 24, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


(DO NOT PUBLISH)













COURT OF APPEALS
TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
JUDGMENT
 
JUNE 24, 2004
 
NO. 12-03-00196-CR
 
BOBBY JOE LANSFORD,
Appellant
V.
THE STATE OF TEXAS,
Appellee

 
 Appeal from the 173rd Judicial District Court
 of Henderson County, Texas. (Tr.Ct.No. B-10,896)
 
                                                                                                                                                           
 
 
                                    THIS CAUSE came to be heard on the appellate record and briefs filed herein,
and the same being inspected, it is the opinion of this court that there was no error in the judgment.
                                    It is therefore ORDERED, ADJUDGED and DECREED that the judgment
of the court below Be In All Things Affirmed, and that this decision be certified to the court
below for observance.
                                    Sam Griffith, Justice.
                                    Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


THE STATE OF TEXAS
M A N D A T E
*********************************************
 
 
TO THE 173RD JUDICIAL DISTRICT COURT OF HENDERSON COUNTY,
GREETINGS: 
 
            Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 24th day
of June, 2004, the cause upon appeal to revise or reverse your judgment between
 
BOBBY JOE LANSFORD, Appellant
 
NO. 12-03-00196-CR; Trial Court No. B-10,896
 
Opinion by Justice Sam Griffith.
 
THE STATE OF TEXAS, Appellee

was determined; and therein our said Court made its order in these words:

            “THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same
being inspected, it is the opinion of this court that there was no error in the judgment.

            It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below
Be In All Things Affirmed, and that this decision be certified to the court below for observance.”

            WHEREAS, WE COMMAND YOU to observe the order of our said Court of Appeals for
the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly
recognized, obeyed, and executed.

            WITNESS, THE HONORABLE JAMES T. WORTHEN, Chief Justice of our Court of
Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler,
this the ______ day of __________________, 200____.
 



                                    CATHY S. LUSK, CLERK
 
 
                                    By:_______________________________
                                         Deputy Clerk